***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted June 7, affirmed July 7, 2022

NEWREZ, LLC,
fka Penn Financial, LLC,
dba Shellpoint Mortgage Servicing,
*Plaintiff,*
*and*

GREEN STREET PROPERTIES, LLC,
*Appellant,*
*v.*

THE ESTATE OF GARY L. HAWKINS et al.,
*Defendants,*
*and*

KEYBANK NATIONAL ASSOCIATION,
*Defendant-Respondent.*
Lane County Circuit Court
18CV42188; A174190

R. Curtis Conover, Judge.

Mark G. Passannante argued the cause and filed the brief for appellant.

John Thomas argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This is a proceeding involving the distribution of surplus proceeds after a foreclosure sale on a trust deed on residential property. Appellant Green Street, claiming an interest in the property as the grantor's assignee, appeals from an order of the trial court denying its motion (1) to set aside a prior order of distribution of surplus proceeds to respondent Keybank, a junior lienholder on the property, and (2) for a distribution of surplus proceeds to Green Street. In a single assignment of error, Green Street contends that the trial court erred in entering the prior order of distribution of surplus proceeds to Keybank and in rejecting its own motion for a distribution of surplus proceeds. Although Green Street argues that the court's prior order of distribution to Keybank was erroneous because Keybank had not obtained foreclosure of its junior lien, and Green Street's interest in the surplus proceeds was therefore superior to Keybank's, Green Street does not offer any argument under ORCP 71—which provides for relief from judgments and orders—in support of relief from the prior order of distribution.[1] *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself"). For that reason, we reject Green Street's assignment of error.

Affirmed.

---

[1] Green Street contends that the order of distribution was erroneous, because Keybank was not entitled to a distribution of surplus proceeds as it had not foreclosed on its junior lien and its junior lien was foreclosed by the general judgment of foreclosure. *See* ORS 88.050. Green Street further contends that, as successor to the grantor's trust deed, and in the absence of Keybank's establishment of its lien, it was entitled to any surplus proceeds.