AOYAGI, J.
*787 This is an action on a performance bond. In 2007, in connection with a proposed subdivision development, defendant Insurance Company of the West (ICW) entered into a bond contract with Palace Construction Corporation (Palace). Essentially, ICW guaranteed Palace's completion of any public improvements to which Palace and the City of Troutdale had agreed, up to the bond amount. Palace never began construction, and the real property was eventually sold. The city then brought this action against ICW to enforce the bond. ICW responded with numerous arguments and affirmative defenses, including that Palace starting construction was a condition of the bond. On cross-motions for summary judgment, the trial court granted summary judgment in favor of ICW, denied summary judgment to the city, and entered a judgment for ICW. The city appeals. We affirm.
Because we affirm the judgment on procedural grounds, as explained below, it is unnecessary to describe the facts underlying the parties' dispute in great detail. The undisputed basic facts are as follows. In 2007, Palace submitted a land use application to the city. Palace proposed to subdivide certain real property into 41 lots, to be known as "Howard Estates," and to build a townhouse on each lot. The city's planning commission approved the application with conditions. Consistent with one of those conditions, Palace obtained a performance bond from ICW in 2007. The bond obligates ICW to the city in the amount of $483,928.50, unless Palace performs its "agreement or agreements" with the city to "complete the improvements specified in said agreement or agreements." The city and ICW disagree about the nature of the referenced "agreement or agreements" and about the exact conditions that trigger the bond.
Palace never started construction. In 2008, Palace put the Howard Estates project on "indefinite hold," then obtained a series of extensions from the city, the last of which expired in 2012. In 2013, one of Palace's lenders repossessed the real property, and an individual named Rystadt bought it at auction. The city granted Rystadt power of attorney to collect on the ICW bond, and, acting as the city's agent, he *788 filed this *1044 contract action against ICW.[1] ICW subsequently moved for summary judgment based on its interpretation of the bond contract, the city cross-moved for summary judgment based on its own interpretation of the bond contract, and ICW filed a second motion for summary judgment based on six affirmative defenses that it had raised in its answer. After hearing, the trial court granted both of ICW's motions and denied the city's motion. The court dismissed the city's claims with prejudice and declared, among other things, that the bond was of no further force and effect and that the city has no right to collect on it or enforce it against ICW.
The city appeals, assigning error both to the trial court's denial of the city's motion for summary judgment and to the trial court's grant of summary judgment in favor of ICW. In doing so, however, the city does not challenge all of the bases on which the trial court granted summary judgment to ICW. When the trial court grants summary judgment to a party on multiple alternative grounds, the nonmoving party generally must challenge all of those grounds successfully on appeal in order to obtain reversal. State v. Stoudamire , 198 Or. App. 399, 403, 108 P.3d 615 (2005) ("It is axiomatic that, when a trial court bases a decision on multiple grounds, an appellant may prevail on appeal only after demonstrating that all of the bases for the court's decision were erroneous." (Emphasis in original.) ). We "must affirm" when appellants "fail to challenge the alternative basis of the trial court's ruling." Roop v. Parker Northwest Paving Co. , 194 Or. App. 219, 236, 94 P.3d 885 (2004), rev. den. , 338 Or. 374, 110 P.3d 113 (2005).
Here, ICW moved for summary judgment on multiple grounds. In addition to the contract interpretation arguments advanced in its first motion for summary judgment, ICW argued in its second motion for summary judgment that it was entitled to judgment as a matter of law on six affirmative defenses. The trial court expressly granted that motion in its written order. The court listed all of the pending motions in the order, including ICW's motion for summary judgment against the city, dated October 30, 2015, *789 which the court identified as "ICW's Motion for Summary Judgment," and ICW's second motion for summary judgment "on six additional affirmative defenses," dated January 22, 2016, which the court identified as "ICW's Second Motion for Summary Judgment." The court then "ORDERED that ICW's Motion for Summary Judgment and ICW's Second Motion for Summary Judgment are GRANTED." (Capitalization in original.)
In its opening brief, the city challenges the trial court's interpretation of the bond contract, but it makes no mention of ICW's affirmative defenses on which summary judgment was also granted, and, as to some of those defenses at least, it makes no applicable substantive arguments. ICW points to that fact in its answering brief as a basis to affirm the judgment. In its reply, the city does not dispute that it did not address ICW's affirmative defenses in its opening brief. Instead, the city argues that it did not need to do so because the trial court did not grant ICW's second motion for summary judgment.
The city is incorrect. It is true, as the city notes, that ICW told the trial court in the summary judgment proceedings that it did not have to rule on ICW's second motion if it granted ICW's first motion. However, that did not preclude the court from ruling on it, and the court evidently did decide to rule on it because its written order states unequivocally that ICW's second motion for summary judgment is "GRANTED." The city asks that we "disregard" that ruling as "one line in a three page order" that is a "clear error." We cannot do so. If the city disagreed with the form of the order and believed that it contained a material inaccuracy-such as a ruling that the court did not intend to make-it needed to raise that issue in the trial court.
*1045 We cannot on appeal simply disregard the court's ruling on a motion. We also reject the related assertion that the order contains a "clear error," which is based on an alleged internal inconsistency in the order that does not actually exist.[2]
*790 Because the trial court granted summary judgment to ICW on multiple bases, and the city only challenges some of those bases in its opening brief, we must affirm the court's grant of summary judgment to ICW.[3] See Stoudamire , 198 Or. App. at 403, 108 P.3d 615 ; Roop , 194 Or. App. at 236, 94 P.3d 885. In doing so, we decline the city's request-made for the first time in its reply brief-that we "should consider the argument, evidence, and briefing supplied by the City in opposition to [ICW's second motion for summary judgment] as its argument on appeal" in the event that we "consider affirming the judgment based upon the affirmative defenses." We normally will not consider issues raised for the first time on appeal in a reply brief, Federal National Mortgage Association v. Goodrich , 275 Or. App. 77, 86, 364 P.3d 696 (2015), and there is no reason for us to depart from our standard practice here.
Affirmed.

The city also filed claims against Palace. The city obtained an order of default and a limited judgment against Palace, which was not appealed. The only claims at issue in this appeal are the claims between the city and ICW.

The city asserts that the trial court denied ICW's second motion for summary judgment as moot elsewhere in the same order that it granted it. That is not the case. The summary judgment order contains the court's rulings on five separate motions, which are listed with specificity at the beginning of the order. The ruling that the city relies on for its "clear error" argument is the court's ruling on Rystadt's and ICW's cross-motions for summary judgment on ICW's counterclaims against Rystadt individually-claims and motions that we have not discussed because they are not as issue in this appeal. That ruling is not a ruling on ICW's second motion for summary judgment against the city. There is no error apparent on the face of the order.

This case comes to us in an unusual procedural posture. There is really only one dispute between the parties: whether ICW breached the bond contract. Indeed, in its opening brief, the city twice refers to this as a "simple breach of contract case," and ICW treats it the same. In fact, however, the parties pleaded three claims. The city filed a breach of contract claim based on its interpretation of the contract, against which ICW defended based on its contrary interpretation of the contract. But the city also filed a declaratory relief claim, and ICW filed a declaratory relief counterclaim, with each party seeking declarations consistent with its own interpretation of the contract. On appeal, neither party distinguishes between the three claims. Nonetheless, in the interests of precision, we briefly address the claims individually. With regard to the city's claims, ICW's affirmative defenses are directed against both the city's breach of contract claim and the city's declaratory relief claim, so the judgment is affirmed as to both claims for the reasons stated in the text of the opinion. As for ICW's declaratory relief counterclaim, even if we agreed with the city's interpretation of the contract and reversed the summary judgment rulings on ICW's counterclaim , it would be of no benefit to the city because we have already affirmed the dismissal of the city's breach of contract claim with prejudice. The bond contract provides for a single transaction between the city and ICW. Given that the city cannot relitigate its breach of contract claim against ICW, our opining on whether the court correctly interpreted the contract for purposes of ruling on ICW's counterclaim "would resolve merely an abstract question without practical effect." Garges v. Premo , 362 Or. 797, 801, 421 P.3d 345 (2018) ; see also Lowe v. Keisling , 320 Or. 570, 572, 889 P.2d 916 (1995) (concluding that declaratory relief claim was moot). Given the unique procedural posture of this case, and the parties' own lack of differentiation between the claims, we decline to address ICW's counterclaim separately.