Argued and submitted October 9, 2020, affirmed September 9, 2021

W. A. S.,
*Petitioner,*

*v.*

TEACHER STANDARDS
AND PRACTICES COMMISSION,
*Respondent.*

Teacher Standards and Practices Commission
2017ABC00227; A168234

499 P3d 105

Petitioner, a school administrator, seeks judicial review under ORS 183.482 of a final order in a contested case of the Teacher Standards and Practices Commission (TSPC). In that order, TSPC suspended petitioner's school administrator license for a year upon determining that petitioner had engaged in "gross neglect of duty" under OAR 584-020-0040(4)(n) by substantially deviating from the standards of competence for three separate and independent reasons. On review, petitioner raises two assignments of error, contending that (1) the TSPC's proceeding violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, primarily because, in petitioner's view, TSPC's investigator was biased against him; and (2) the TSPC erred in determining that his conduct constituted gross neglect of duty and suspending his license for that reason. *Held*: The TSPC did not err in suspending petitioner's school administrator license, here, because the record does not allow for the conclusion that the TSPC's proceeding was the product of a biased decision-maker or otherwise conducted in a way that violated due process. As to petitioner's second assignment, because petitioner only disputes two of the three bases for the TSPC'S suspension decision in his opening brief, each of which supports the license suspension, the Court of Appeals affirms because the TSPC's order makes clear that it would have suspended on the unchallenged basis standing alone.

Affirmed.

Nancy J. Hungerford argued the cause for petitioner. Also on the briefs were Joel Hungerford and The Hungerford Law Firm.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

Petitioner, a school administrator, seeks judicial review under ORS 183.482 of a final order in a contested case of the Teacher Standards and Practices Commission (TSPC). In that order, TSPC suspended petitioner's administrator's license for a year upon determining that petitioner had engaged in "gross neglect of duty" under OAR 584-020-0040(4)(n) by substantially deviating from the standards of competence set forth in three other administrative rules because he (1) failed to use professional judgment as required by OAR 584-020-0010(5); (2) failed to use "district lawful and reasonable rules and regulations" as required by OAR 584-020-0025(2)(e); and (3) failed to demonstrate leadership skills in managing the school, its students, staff, and programs as required by district rules, as required by OAR 584-020-0025(3)(a). TSPC explained that "[t]he one year suspension was appropriate even if it is determined that [petitioner's] conduct did not violate all the rules cited by [TSPC]." On review, petitioner raises two assignments of error, contending that (1) TSPC's proceeding violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, primarily because, in petitioner's view, TSPC's investigator was biased against him; and (2) TSPC erred in determining that his conduct constituted gross neglect of duty and suspending his license for that reason. For the reasons that follow, we affirm.

*Due process.* The events leading to this disciplinary proceeding are largely immaterial to the issues we must address to resolve this judicial-review proceeding, so we do not set them out except as needed. In this first assignment of error, petitioner asserts that the proceeding violated his due process rights. He argues that TSPC's investigator, Krauger, had a self-interest that led him to provide information to TSPC and testimony that was unfavorable to petitioner. Specifically, petitioner contends that Krauger advised him to conduct a limited investigation into suspected misconduct by a teacher, that petitioner acted in reliance on that advice to conduct the investigation that TSPC later deemed so inadequate so as to allow for discipline, and that Krauger then was not forthcoming about what advice

he gave petitioner in his report to the commission and at the hearing. That, in petitioner's view, led to an unfair proceeding that violated his due process rights.

Although petitioner has not closely attached his arguments in support of his first assignment of error to the standards of review in ORS 183.482(8), as we understand them, he is contending that TSPC's various choices in conducting the disciplinary proceeding resulted in a proceeding that violated his due process rights under the Fourteenth Amendment. ORS 183.482(8)(b)(C) provides, relevantly, that we review an agency's exercise of discretion to determine whether it is in "violation of a constitutional * * * provision."

"In an agency proceeding, an action lacking the appearance of fairness is not enough to warrant its reversal." *Gallant v. Board of Medical Examiners*, 159 Or App 175, 187, 974 P2d 814 (1999). Rather, to establish a due process violation, petitioner was required to demonstrate "actual bias on the part of the decision-maker," *Shicor v. Board of Speech Language Path. and Aud.*, 291 Or App 369, 374, 420 P3d 638 (2018), or some other actual unfairness.

Here, the record does not allow for the conclusion that TSPC's proceeding was the product of a biased decision-maker or otherwise conducted in a way that violated due process. Petitioner does not argue bias on the part of TSPC itself (as distinct from its investigator) or the administrative law judge (ALJ) who initially heard the case. As a procedural matter, petitioner had a full contested case hearing before an ALJ at the Office of Administrative Hearings (OAH). The OAH is independent from TSPC and was designed by the legislature to ensure neutral factfinding in contested cases. *See* ORS 183.605 (establishing the OAH); *Fox v. Real Estate Agency*, 292 Or App 429, 442 n 8, 426 P3d 179 (2018) (discussing the role of the OAH in ensuring neutral factfinding in contested case proceedings).

At that hearing, petitioner had the opportunity to cross-examine Krauger and to introduce evidence supporting petitioner's version of events. The ALJ directly examined Krauger on the point of what advice he had given petitioner. Krauger denied telling petitioner that petitioner could limit his investigation and testified that he had told petitioner

that he needed to consult his school district's legal counsel and conduct whatever investigation the district normally would conduct. Ultimately, the ALJ found that Krauger's recollection of events was more credible than petitioner's, a finding that petitioner has not challenged and that counters petitioner's theory of the case.[1] In short, consistent with due process, petitioner had a full and fair opportunity to ventilate his side of the case, including any issues with Krauger.

Beyond that, petitioner has identified no authority for the proposition that bias on the part of an investigator renders a proceeding fundamentally unfair, in violation of due process, where, as here, a petitioner is afforded a contested case hearing that provides the opportunity to explore the issue of the investigator's bias. And existing law tends to undercut petitioner's arguments. As we previously have explained, it is "well established that due process does not require a formal separation of the investigative functions from the adjudicative or decision making functions of an administrative agency" in the context of a contested case. *Fritz v. OSP*, 30 Or App 1117, 1121, 569 P2d 654 (1977). On the face of it, the type of hearing petitioner had, which allowed him to call and examine live witnesses, including Krauger, is well in line with the type of proceeding ordinarily viewed as satisfying due process in matters involving "assessments of credibility and veracity." *See Koskela v. Willamette Industries, Inc.*, 331 Or 362, 378-82, 15 P3d 548 (2000) (due process required oral evidentiary hearing for benefits claims requiring "judgments about the credibility and veracity of a *** claim"). Petitioner has not provided authority demonstrating that due process requires something more when the credibility and veracity of an agency's investigator is at stake. Accordingly, we reject petitioner's first assignment of error.[2]

---

[1] Petitioner has not assigned error to any particular factual findings in the final order and, in particular, did not assign error to the factual finding addressing what Krauger told petitioner about the type of investigation that he should conduct.

[2] In his first assignment of error, petitioner also argues that TSPC violated his right to due process by not producing to him all of the records related to his investigation. However, it appears that what documents were discoverable was the subject of discovery motions before the ALJ, and petitioner has not assigned error to any rulings on discovery motions, which would be the proper way to raise his assertion that the denial of discovery violated due process (assuming

*Suspension based on gross neglect of duty.* In his second assignment of error, petitioner contends that TSPC—for a range of reasons—erred in determining that his conduct violated OAR 584-020-0010(5) and OAR 584-020-0025(3)(a), and, further, that his violations of those rules amounted to gross neglect of duty providing grounds for a suspension. In response, TSPC argues that we need not consider the merits of petitioner's contentions because TSPC also determined that petitioner's conduct violated a third provision, OAR 584-020-0025(2)(e), and stated that it would have made the same decision to suspend petitioner's license for a year, even if some of its rule violation determinations were erroneous. In reply, petitioner contends that he did argue that TSPC's determination that he violated OAR 584-020-0025(2)(e) was erroneous, pointing to places in the record where he challenged that rule's application before the ALJ and TSPC.

Although petitioner raised the OAR 584-020-0025 (2)(e) issue before the ALJ and TSPC, the problem is that he did not raise the issue in his opening brief to us but, instead, waited to raise the issue in his reply brief. "We normally will not consider issues raised for the first time on appeal in a reply brief[.]" *City of Troutdale v. Palace Construction Corp.*, 293 Or App 785, 790, 429 P3d 1042 (2018). We see no reason to depart from our standard approach here. Accordingly, because TSPC's decision rests on its determination that petitioner violated multiple rules, each one of which would support the license suspension, and because petitioner has not challenged all of those rule-violation determinations in his opening brief, we affirm on the second assignment of error. *See, e.g.*, *id.* (noting that, "[b]ecause the trial court granted summary judgment to [the defendant] on multiple bases, and [the plaintiff] only challenges some of those bases in its opening brief, we must affirm the court's grant of summary judgment to [the defendant]" because arguments in the reply brief addressing additional bases were too late to be considered on appeal).

Affirmed.

_____

he properly raised the issue before the ALJ). In a similar vein, to the extent that petitioner appears to argue on judicial review that the ALJ's evidentiary rulings at the hearing improperly curtailed his ability to explore Krauger's bias, petitioner has not assigned error to any particular evidentiary ruling.