No. 766          October 30, 2024          731

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Molly SIROIS,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
acting by and through the Governor,
State Treasury, Investment Council,
and Public Employee Retirement System,
*Defendant-Respondent.*

Lane County Circuit Court
22CV31334; A181139

Karrie K. McIntyre, Judge.

Submitted September 11, 2024.

Molly Sirois filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals a general judgment of dismissal entered after the trial court granted defendant's motion for summary judgment. In a single assignment of error, plaintiff argues that the trial court erred when it granted defendant's motion on three grounds. We conclude that the trial court did not err when it determined that the statutory time period for changing plaintiff's Public Employees Retirement System (PERS) benefit under ORS 238.305 had passed and that the statute barred her claim. Moreover, plaintiff does not challenge the court's alternative grounds for granting summary judgment. We further conclude that plaintiff did not preserve her argument that the PERS contract benefit election term is unconscionable and plaintiff does not seek plain error review. As a result, we affirm.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to [prevail] as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted); ORCP 47 C. No genuine issue of material fact exists when, viewing the evidence in the light most favorable to the adverse party, "no objectively reasonable juror could return a verdict for the adverse party." ORCP 47 C. We state the facts in accordance with that standard.

Plaintiff retired in 2017 and elected to receive a PERS benefit under ORS 238.305(1) (Option 1). In 2022, plaintiff filed a complaint against the state, alleging that in 2022 she discovered that the Oregon Public Employees Retirement Fund (OPERF) portfolio contained "numerous * * * holdings linked to harms to people and places." Plaintiff further alleged that she asked PERS "if [she] could take a lump sum payout of [her] benefit and terminate [her] PERS account" and was informed that ORS 238.305 prohibited changes to her benefit option. Because "ORS 238.305 binds [her] to PERS and OPERF for the rest of [her] life" in violation of Article I, section 3, of the Oregon Constitution,[1]

---

[1] Article I, section 3, provides, "No law shall in any case whatever control the free exercise, and enjoyment of [religious] opinions, or interfere with the rights of conscience."

plaintiff "demand[ed] the option for a total lump-sum payment of [her] retirement benefit or the option to divest [her] earnings from any and all OPERF holdings linked to harms to people and places."[2]

Defendant filed a motion for summary judgment and made four arguments. Defendant argued that (1) plaintiff lacked standing; (2) the statute of limitations barred plaintiff's claim; (3) plaintiff failed to establish that the right of conscience provision of Article I, section 3, of the Oregon Constitution exempts her from the requirements of ORS 238.305; and (4) federal law prohibited the court "from making the extraordinary departure from PERS law" that plaintiff sought.

The trial court granted summary judgment in favor of defendant. Although the trial court concluded that plaintiff had standing, it determined that plaintiff's claims were time barred. The court further determined that plaintiff failed to "show that the right of conscience provision in the Oregon Constitution requires an individual exemption for her," and that the Internal Revenue Code prevented the trial court from ordering changes to plaintiff's monthly benefit option. Accordingly, the trial court determined "that there [were] no significant facts in dispute" and granted defendant's motion. This appeal followed.

We conclude that the trial court did not err when it determined that ORS 238.305 bars plaintiff's claim.

> "Upon retirement, a PERS member is entitled to receive a 'service retirement allowance.' ORS 238.300. Within 60 days of receiving the first benefit payment, a PERS member can elect to convert his or her 'service retirement allowance' into a 'service retirement annuity.' ORS 238.305(1). A retired member may select from among six optional forms of service retirement annuities under ORS 238.305(1). * * *

---

[2] We observe that plaintiff's opening brief explains that she "misstated the relief she seeks by using [the] terminology contained in ORS 238.305" and that she instead "seeks to withdraw what remains of her 2017 lump sum retirement benefit still invested in OPERF." Even if we could consider that distinction, it would not be material to our analysis. *See* ORS 19.365(2) ("The record on appeal consists of those parts of the trial court file, exhibits and record of oral proceedings in the trial court that are designated under ORS 19.250.").

"Option 1 provides the PERS member the largest monthly benefit, but it is paid only for the lifetime of the member."

*English v. PERB*, 230 Or App 506, 508, 216 P3d 342 (2009).

Here, plaintiff retired in 2017, chose Option 1, then sought a lump sum payment and to terminate her account in 2022. However, ORS 238.305(5) required plaintiff to make any changes to her election within 60 days of her first benefit payment. *See* ORS 238.305(5) (providing that a member may change "the election of an option or any other election or designation *** within 60 days after the date of the first benefit payment"). As a consequence, the trial court did not err when it determined that "[t]he statutory time period for [plaintiff] to request the lump sum payment [had] passed."

Although plaintiff argues on appeal that her claim "sounds in contract" and that the trial court's "findings on [the] statute of limitations and the conscience provision requirement do not apply to the claim of contractual unconscionability," we do not reach those arguments because plaintiff did not raise them before the trial court. Indeed, plaintiff acknowledges that she "raises a new issue on appeal." As a result, that issue is not preserved for our review. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]"). Plaintiff does not ask us to review for plain error, so we do not engage in that analysis. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so[.]").

Moreover, the trial court granted summary judgment to defendant on additional grounds, which plaintiff does not challenge. When a trial court's grant of summary judgment is based on alternative grounds, "the nonmoving party *** must challenge all of those grounds successfully on appeal in order to obtain reversal." *City of Troutdale v. Palace Construction Corp.*, 293 Or App 785, 788, 429 P3d 1042 (2018). Because plaintiff does not challenge all of the trial court's alternative grounds for granting summary

judgment, "we must affirm the court's grant of summary judgment to [defendant]." *Id*. at 790.

Affirmed.