482 December 10, 2025 No. 1052

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

IDAHO POWER COMPANY,
*Petitioner-Respondent,*

*v.*

Douglas Baldwin BEAN,
Mallory Hardt Bean, and Madeline Baldwin Bean,
partners doing business as 516 Ranch Partnership,
an Oregon general partnership,
*Respondents-Appellants,*

*and*

FOR THE GIRLS LLC,
an Oregon limited liability company,
*Respondent below.*
*Defendant-Appellant.*

Union County Circuit Court
24CV13161; A184885

Wes Williams, Judge.

Submitted November 10, 2025.

Brent H. Smith filed the briefs for appellants.

Sara Kobak, Andrew J. Lee, and Schwabe, Williamson & Wyatt, P. C., filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

## TOOKEY, P. J.

516 Ranch appeals a limited judgment granting Idaho Power Company (Idaho Power) entry onto land owned by 516 Ranch to conduct "a property boundary survey pursuant to ORS 672.047."[1] In its only assignment of error, 516 Ranch asserts that the trial court "erred in granting Idaho Power precondemnation entry on 516 Ranch property for land surveys because cumulatively Idaho Power's entries as authorized by ORS 35.220[2] and the court take 516 Ranch's right to

---

[1] ORS 672.047 provides, in part:

"(1) Subject to subsection (4) of this section, a registered professional land surveyor, or any employee or agent of the land surveyor, may enter on foot, where practicable, upon any land for the purpose of surveying or performing any survey work and may establish permanent survey monuments as allowed by rule of the State Board of Examiners for Engineering and Land Surveying.

"(2) Any person exercising the right of entry granted under subsection (1) of this section shall do so with no unnecessary damage to the land entered upon. Damages to trees, shrubs and other vegetation intentionally caused by the land surveyor shall be subject to compensation and penalties as provided in ORS 105.810. The land surveyor shall compensate the landowner for all other actual monetary damages, or $100, whichever is greater. Actual monetary damages may include but are not limited to all costs in time, labor and materials incurred by the landowner to return the property to the condition it was in prior to the damage.

"* * * * *

"(5) A registered professional land surveyor, or any employee or agent of the land surveyor, who enters land as allowed under this section is owed no greater duty of care than that owed by a landowner to a trespasser.

"(6) Notwithstanding the provisions of subsection (1) of this section, a registered professional land surveyor, or any employee or agent of the land surveyor, may use a vehicle to enter upon land provided that the vehicle remains on existing roadways where practicable."

[2] ORS 35.220 provides, in part:

"(1) Subject to the requirements of this section, a condemner may enter upon, examine, survey, conduct tests upon and take samples from any real property that is subject to condemnation by the condemner. * * *

"(2) If the owner of property objects to examination or survey of the property under this section, or does not consent to the terms and conditions for testing or sampling of the property, the condemner may file a petition with the court seeking an order providing for entry upon the property and allowing such examination, survey, testing or sampling as may be requested by the condemner. * * *

"(3) An owner is entitled to reasonable compensation for:

"(a) Any physical damage caused to the property by the entry upon or examination, survey, testing or sampling of the property, including any damage attributable to the diffusion of hazardous substances found on the property; and

exclude others from its property without just compensation." We conclude that the trial court did not err, and we affirm.

As detailed in our opinion in *Idaho Power Company v. Bean*, 341 Or App 696, 698, 576 P3d 1059 (2025), Idaho Power is building a transmission line that will span approximately 293 miles and transfer electricity generated in Boardman, Oregon to Idaho Power's Hemingway substation in Owyhee County, Idaho. "The transmission line project is (aptly) known as the Boardman to Hemingway Transmission Line (B2H) project." *Id.* at 702.

516 Ranch owns an approximately 12,000-acre ranch in Union County that lies on the proposed path of that transmission line. *Id.* As we explained previously, Idaho Power "*must* ensure that the project's path complies with permitting and siting requirements, including that it does not conflict with any protected resources." *Id.* (emphasis in original). And, to do so, Idaho Power "*must* conduct surveys, tests, and samples on 516 Ranch's property." *Id.* (emphasis in original; brackets omitted). Although, historically, 516 Ranch had consented to some entries by Idaho Power in connection with the B2H project, 516 Ranch did not consent to certain further entries by Idaho Power and, as specifically at issue in this case, 516 Ranch did not consent to Idaho Power performing a "boundary line survey" that Idaho Power requested.

In March 2024, Idaho Power filed a petition for precondemnation entry onto 516 Ranch, and subsequently moved for an order to show cause "why the Court should not grant Idaho Power Company and its agents, employees, and contractors access to and entry upon the Respondents' property pursuant to ORS 772.210, ORS 35.220 and ORS 672.047." At the hearing on the order to show cause, 516 Ranch asked the court "to deny Idaho Power's petition for precondemnation entry because it's a taking," and was without compensation.

---

"(b) Any substantial interference with the property's possession or use caused by the entry upon or examination, survey, testing or sampling of the property.

"* * * * *

"(5) Nothing in this section affects any liability under any other provision of law that a condemner may have to an owner or occupant of property by reason of entry upon or examination, survey, testing or sampling of property."

        The trial court disagreed with 516 Ranch, ruling from the bench that a "property boundary line survey consistent with ORS 672.047 is consistent with longstanding background restrictions on property rights, and, therefore, would not be considered a taking." It then issued a limited judgment providing:

> "1.   Idaho Power and its agents, employees, and contractors may employ a professional land surveyor to enter Respondents' property as described in the Petition on file herein and conduct a property boundary survey *pursuant to ORS 672.047*;

> "2.   The survey ordered herein shall be completed by July 31, 2024;

> "3.   Any compensation to the landowner for said survey shall be determined *in accord with the terms of ORS 672.047*;

> "4.   The parties are enjoined from interfering with this Court's Order; and

> "5.   This Court retains jurisdiction of this matter to enforce this limited judgment and to determine compensation, if any, *pursuant to ORS 672.047*."

(Emphases added.)

        On appeal, pursuant to ORAP 5.12, the cover of 516 Ranch's opening brief states that it is raising a constitutional challenge to *ORS 35.220*, and presumably, in accordance with the requirements of ORAP 5.12, it provided the Attorney General with a copy of the opening brief.[3] In its opening brief, 516 Ranch frames the question before us as "[d]id the trial court err in granting Idaho Power's petition pursuant to ORS 35.220 for precondemnation entry without just compensation on 516 Ranch's property where Idaho Power had already

---

[3] ORAP 5.12 provides:

"A party filing a brief, petition for review, or petition invoking the court's original jurisdiction that challenges the constitutionality of an Oregon statute or an Oregon constitutional provision shall, at the time the brief or petition is filed, provide the Attorney General with a copy of the brief or petition. The cover of the brief or petition shall state that the brief or petition includes a challenge to the constitutionality of a statute or constitutional provision and shall identify the statute or constitutional provision being challenged."

        We also note that the certificate of service for Idaho Power's answering brief reflects that the answering brief was served on the Attorney General.

entered 516 Ranch to conduct land surveys and Idaho Power had entered 516 Ranch's property repeatedly for survey purposes since 2011." And more specifically, 516 Ranch argues that "ORS 35.220 effects a taking" and, therefore, is "unconstitutional." Thus, we understand 516 Ranch to contend that ORS 35.220 is unconstitutional as applied here.

The difficulty with 516 Ranch's argument is that the trial court determined that *ORS 672.047* authorized Idaho Power to enter 516 Ranch's land for the purpose of conducting "a property boundary survey," and 516 Ranch does not advance an argument that the trial court erred *under that statute* in granting Idaho Power the relief that it requested. Consequently, 516 Ranch has not provided us with a reason to reverse the limited judgment; it is not our function to make 516 Ranch's argument for it. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (noting that it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself"); *see also City of Troutdale v. Palace Construction Corp.*, 293 Or App 785, 790, 429 P3d 1042 (2018) (where a trial court "grants summary judgment to [a party] on multiple bases, and [an appellant] only challenges some of those bases in its opening brief, we must affirm the court's grant of summary judgment"). Moreover, recasting 516 Ranch's challenge to the constitutionality of ORS 35.220 as a challenge to the constitutionality of ORS 672.047, and developing that argument, seems to us to be particularly inappropriate here. That is so because we understand 516 Ranch to have provided notice to the Attorney General pursuant to ORAP 5.12 that 516 Ranch was challenging the constitutionality of ORS 35.220 in this appeal and we do not understand 516 Ranch to have provided notice under ORAP 5.12 to the Attorney General that it was challenging the constitutionality of ORS 672.047 in this appeal.[4]

Affirmed.

---

[4] To the extent that 516 Ranch contends, separately from its constitutional challenge to ORS 35.220, that the trial court "abused its discretion" in permitting Idaho Power's entry, we reject that argument as undeveloped. As noted, the trial court's ruling was premised on ORS 672.047, and 516 Ranch does not explain what discretionary determinations are left to a trial court under that statute.