No. 305 April 22, 2026 517

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICKIE ALLEN MILLER,
*Defendant-Appellant.*

Lane County Circuit Court
19CR15728; A179443

Charles M. Zennaché, Judge.

On appellant's petition for reconsideration filed January 12, 2026. Precedential opinion filed December 17, 2025. 345 Or App 617.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Petition for reconsideration allowed, former opinion modified and adhered to as modified.

**ORTEGA, P. J.**

Defendant petitions for reconsideration of our decision in *State v. Miller*, 345 Or App 617, 583 P3d 545 (2025). We allow the petition, modify our former opinion, and adhere to the opinion as modified.

In that opinion we concluded that the trial court did not err when it denied defendant's motion to sever. As part of our analysis of the denial of the motion to sever, we noted that we must consider the basis or bases for joinder, because joinder of charges on the basis that they are of the same or similar character presents a weaker connection between the charges and a higher risk of prejudice from joinder. *Id.* at 622; *see also State v. Hernandez-Esteban*, 374 Or 300, 318-19, 577 P3d 761 (2025). In the course of that discussion, we stated the following:

> "Defendant does not dispute on appeal that the cases were properly joined on the basis that the charging instrument implicitly alleged that the charges were of the same or similar character. ORS 132.560(1)(b)(A); *see also State v. Taylor*, 364 Or 364, 375, 434 P3d 331, *cert den*, 589 US 1060, 140 S Ct 505, 205 L Ed 2d 321 (2019) (holding that a charging instrument need not expressly allege the basis for joinder as such; it is sufficient if it 'alleges facts that allow the defendant to understand the state's basis for joining the offenses and allow[s] the court to determine' if that basis for joinder is proper). The trial court also ruled that the charges were properly joined because they were part of a common scheme or plan, as the indictment expressly alleged. ORS 132.560(1)(b)(C).

> "Defendant argues on appeal that the charges were not properly joined as part of a common scheme or plan, and therefore, he argues, we should analyze the denial of the motion to sever as if the only basis for joinder had been that the charges were of the same or similar character. But he has not assigned error to the ruling joining the charges on that basis, and to the extent that he challenges joinder on that basis, we reject his arguments. *See Hernandez-Esteban,* 374 Or at 313-14, 577 P3d 761 (noting that motion challenging joinder and motion to sever are distinct)."

*Miller*, 345 Or App at 621-22.

In his petition for reconsideration, defendant argues that we were "incorrect to hold that a defendant must 'assign[] error to the ruling joining the charges'" on a particular basis in order to challenge the propriety of a joinder ruling as relevant to the substantial prejudice analysis. Defendant correctly points out that error must be assigned to rulings, not reasoning, *see* ORAP 5.45(3), and he argues that because he did not dispute that the charges were properly joined as to the same or similar character basis, he was not challenging the joinder ruling. His dispute was only that the "connected together or part of a common scheme or plan" basis was not proper to consider in the severance analysis. Thus, he argues, he was not required to assign error to the trial court's conclusion that the connected-together basis applied to his case.

Because it did not involve a challenge to one of the two bases for joinder at play in that case, *Hernandez-Esteban* does not provide guidance on this point. That opinion states,

> "A motion to sever begins with the premise that the state has met its burden to establish that one of the exceptions in ORS 132.560(1)(b) applies, but nevertheless asks the court to exercise its discretionary power under ORS 132.560(3) to sever charges that otherwise have been properly joined. The court has that authority once the party moving for severance has met their burden to establish substantial prejudice—that is, the kind of potential injury or harm that threatens the defendant's interest in a fair trial.

> "Here, defendant did not challenge the propriety of the initial joinder decision but moved only to sever under ORS 132.560(3). Accordingly, the issue before us involves two questions, simply stated: (1) whether the facts stated in the motion, supported by the record, show the existence of substantial prejudice; and, if so, (2) the appropriate form of relief."

*Hernandez-Esteban*, 374 Or at 314 (internal quotation marks and citation omitted). That opinion also states:

> "[W]here the joinder of charges is based solely on the offenses being of 'the same or similar character,' federal courts and commentators have expressed skepticism about the benefits of joinder when compared with prejudice to the defendant. *See, e.g.*, [*United States v.*] *Halper*, 590 F2d

[422,] 430 [(2nd Cir 1978] ('When all that can be said of two separate offenses is that they are of the "same or similar character," the customary justifications for joinder (efficiency and economy) largely disappear. \*\*\* At the same time, the risk to the defendant in such circumstances is considerable.').".

*Id.* at 319. Thus, it is important to consider the basis or bases for joinder in evaluating a severance motion. A severance motion begins with the premise that the charges were properly joined. ORAP 5.45(3) requires an appellant to assign error to a ruling, not to the underlying reasoning. At the same time, "[i]t is axiomatic that, when a trial court bases a decision on multiple" independent and sufficient "grounds, an appellant may prevail on appeal only after demonstrating that *all* of the bases for the court's decision were erroneous." *State v. Stoudamire*, 198 Or App 399, 403, 108 P3d 615 (2005) (Armstrong, J., *concurring in decision of equally divided court*) (emphasis in original); *see also City of Troutdale v. Palace Constr. Corp.*, 293 Or App 785, 788, 429 P3d 1042 (2018) ("We must affirm when appellants fail to challenge [an] alternative basis of the trial court's ruling." (Internal quotation marks omitted.)); *Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 236, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005) ("[W]here plaintiffs fail to challenge the alternative basis of the trial court's ruling, we must affirm it."). As we noted, *Hernandez-Esteban* does not involve this issue, and it does not shed any further light on it.

We return to the way our former opinion addressed these issues. We rejected on two grounds defendant's argument challenging the common scheme or plan basis for joinder: First, we rejected it on the procedural ground that defendant had not assigned error to trial court's joinder ruling; second, we rejected it, in any event, on the merits. We may not have been as clear as we could have been in expressing the second point, however. Accordingly, we allow reconsideration and take this opportunity to clarify our former opinion. As noted above, in that opinion, we wrote,

"Defendant argues on appeal that the charges were not properly joined as part of a common scheme or plan, and therefore, he argues, we should analyze the denial of the motion to sever as if the only basis for joinder had been

that the charges were of the same or similar character. But he has not assigned error to the ruling joining the charges on that basis, and to the extent that he challenges joinder on that basis, we reject his arguments. *See Hernandez-Esteban*, 374 Or at 313-14 (noting that motion challenging joinder and motion to sever are distinct)."

*Miller*, 345 Or App at 621-22. We modify that paragraph to the following:

"Defendant argues on appeal that the charges were not properly joined under ORS 132.560(1)(b)(C) as "[b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan[,]" and therefore, he argues, we should analyze the denial of the motion to sever as if the only basis for joinder had been that the charges were of the same or similar character. *See Hernandez-Esteban*, 374 Or at 320 (severance analysis begins "closer at the outset to the threshold of 'substantial prejudice'" if the only basis for joinder of charges is the same or similar character of the offenses). Defendant has not assigned error to the ruling joining the charges on the common scheme or plan basis—but it is unclear whether he had to do so. *See id.* at 313-14 (noting that motions challenging joinder and motions to sever are distinct); *see also* ORAP 5.45(3) (requiring an appellant to assign error to rulings, not underlying reasoning). In any event, to the extent that he challenges joinder on that basis, we reject his arguments. The acts underlying the charged offenses related to both victims were similar in terms of how and where they were committed, in that defendant, driving a white van, approached apparently unhoused and vulnerable persons at night in bad weather and invited them in to get warm, then took them to a secluded area where he sexually assaulted them. The subsequent investigations were intertwined, and the charges would have overlapping evidence and witnesses. That provides a sufficient basis to conclude that the charges were based on acts that were connected together or part of a common scheme or plan and that joinder was, therefore, appropriate on that basis."

Petition for reconsideration allowed, former opinion modified and adhered to as modified.