BEALL TRANSPORT EQUIPMENT CO.,
an Oregon corporation,
*Respondent,*

*v.*

SOUTHERN PACIFIC TRANSPORTATION,
a Delaware corporation;
Union Pacific Railroad Company,
a Utah corporation;
City of Portland;
State of Oregon,
acting by and through the
Department of Motor Vehicles;
John Hren; John R. Greisen; Thomas Morrison;
W. Raymond Horn; Stuart Abrams;
Wayne C. Klepper and Stuart Abrams,
dba Abrams Metals, Inc.,
*Defendants,*

*and*

ABRAMS, INC.,
dba Abrams Scrap Metals, Inc.,
*Appellant.*

SOUTHERN PACIFIC TRANSPORTATION
COMPANY,
a Delaware corporation,
and Union Pacific Railroad Company,
a Utah corporation,
*Third-Party Respondents,*

*v.*

Wayne C. KLEPPER,
*Third-Party Defendant,*

*and*

Stuart ABRAMS,
*Third-Party Appellant.*

ABRAMS, INC.,
*Appellant,*

*v.*

SOUTHERN PACIFIC TRANSPORTATION
COMPANY,
a Delaware corporation,
and Union Pacific Railroad Company,
a Utah corporation,
*Respondents,*

*and*

Wayne KLEPPER
and Pat Ryan,
*Defendants.*

9701-00347, 9701-00757; A102619

68 P3d 259

Christopher T. Carson, Gregory B. Snook, Jeffrey A. Kilmer, and Kilmer, Voorhees & Laurick, P.C., for petition.

Thomas M. Christ and Michael H. Bloom, *contra*.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Respondents Southern Pacific Transportation and Union Pacific Railroad Company (collectively "Southern Pacific")[1] petition for clarification of our opinion on remand from the Oregon Supreme Court, *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 64 P3d 1193 (2003) ("*Beall II*"). In particular, Southern Pacific seeks clarification of the scope of this court's remand and, specifically, whether: (1) the only claim to be retried on remand is Southern Pacific's conversion claim against Abrams, Inc., and Stuart Abrams, individually (collectively "Abrams"); and (2) the retrial of that conversion claim is limited to liability only, *i.e.*, that Southern Pacific's damages for conversion, as determined by the court in the original trial, will not be retried.

Abrams responds that, given our reasoning in *Beall II*, the scope of the remand necessarily compels a retrial not only of Southern Pacific's claim for conversion against Abrams but also of Abrams's claims and counterclaims against Southern Pacific for conversion and intentional interference with economic relations. Abrams further responds that the issue of damages on Southern Pacific's conversion claim is so intertwined with liability issues that retrial of that claim necessarily encompasses all issues and not just liability.

As amplified below, we allow reconsideration for the limited purpose of clarifying our disposition and forestalling potential confusion on remand. Our "tagline" disposition in *Beall II* states:

> "Judgment in favor of Southern Pacific Transportation Company against Abrams, Inc., and Stuart Abrams reversed and remanded for new trial; otherwise affirmed."

*Beall II*, 186 Or App at 697, 709. We adhere to that disposition, with the following clarification: The only claim to be

---

[1] As described in our opinion following remand, Union Pacific acquired · Southern Pacific during the pendency of this litigation. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 699 n 1, 64 P3d 1193 (2003). Thus, only Southern Pacific was a named party for purposes of the claims that were prosecuted at trial. Given that circumstance, for convenience of reference here, we refer to both of the respondents collectively as "Southern Pacific."

retried on remand is Southern Pacific's conversion claim against Abrams, and that retrial is to encompass the entire claim, particularly including the determination of damages for conversion.

A prolonged published discussion of the underlying circumstances and the parties' arguments will be of minimal benefit to the bench and bar. We have already twice extensively addressed aspects of this complex litigation. *See Beall Transport Equipment Co. v. Southern Pacific*, 170 Or App 336, 13 P3d 130 (2000), *rev'd in part*, 335 Or 130, 60 P3d 530 (2002); *Beall II*, 186 Or App at 696. We thus limit our published analysis to two salient observations.

■     *First*, as a matter of law and logic, the trial court's erroneous failure to give Abrams's requested instruction on conversion, *see Beall II*, 186 Or App at 701-09, could not have affected the jury's consideration of whether *Southern Pacific* was liable to *Abrams* for conversion or intentional interference with economic relations. The content and posture of those claims was such that the jury's determination that Southern Pacific's yard manager, Wayne Klepper, lacked apparent authority to sell the disputed semi-trailers was dispositive of those claims, without any further inquiry or determination by the jury. Thus, our reversal for failure to give Abrams's requested instruction does not require retrial of Abrams's claims against Southern Pacific.

■     *Second*, with respect to the claim that *is* subject to retrial—*viz.*, Southern Pacific's conversion claim against Abrams—the determination of damages is, at least potentially, intertwined with the determination of liability. In particular, depending on the trier of fact's application of the factors identified in section 222A of the *Restatement (Second) of Torts* (1965), *see Beall II*, 186 Or App at 701, the amount of damages could vary. For example, at least hypothetically, the trier of fact could determine that Abrams converted some, but not all, of the disputed semi-trailers. Given that potential, the scope of remand necessarily encompasses the determination of damages, as well as liability.

Petition for reconsideration allowed; former opinion clarified and adhered to as clarified.