***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 12, affirmed November 9, 2022, petition for review denied February 9, 2023 (370 Or 740)

In the Matter of D. M. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

K. L. W.,
*Appellant.*

Washington County Circuit Court
21JU00616; A178508

Michele C. Rini, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother appeals a juvenile court judgment changing the permanency plan for her child, D, from reunification to adoption, raising three assignments of error: first, that the juvenile court erred in ruling that the Department of Human Services (DHS) made reasonable efforts to reunify mother and D; second, that the juvenile court erred in ruling that mother's progress was insufficient; third, that the juvenile court erred in ruling that D's permanency plan be changed from reunification to adoption. ORS 419B.476(2)(a). Specifically, mother argues that DHS failed to make reasonable efforts by failing to provide traumatic brain injury (TBI) specific services. We conclude that the juvenile court did not err in concluding DHS's efforts were reasonable and, therefore, that the juvenile court did not err in changing D's permanency plan from reunification to adoption.

We are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them." *Dept. of Human Services v. J. D. R.*, 312 Or App 510, 512, 493 P3d 567 (2021). "The juvenile court's determination that DHS's efforts were reasonable constitutes a legal conclusion that we review for errors of law." *Id*. DHS bears the burden and must demonstrate "that its efforts were reasonable by a preponderance of the evidence." *Id*. at 517. "Reasonable efforts" for purposes of ORS 419B.476(2)(a) are "efforts that focus on ameliorating the adjudicated bases for jurisdiction, and that give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 567, 456 P3d 681 (2019) (internal quotation marks omitted). The reasonableness of DHS's efforts depends on the particular circumstances of the case. *Id*. And the "jurisdictional language provides the lenses through which the reasonableness of DHS's efforts is analyzed." *J. D. R.*, 312 Or App at 518. "For those reasons, the wording of the jurisdictional basis set forth in the judgment *matters*." *Id*. (internal quotation marks omitted; emphasis in original).

Mother's argument that DHS failed to provide TBI-specific services concerns only one of the seven alleged

bases upon which the juvenile court took jurisdiction—*viz*., that "mother's mental health problems" interfere "with her ability to safely parent." Consequently, we consider DHS's efforts only as they relate to that basis for jurisdiction.

Mother has an extensive history of diagnosed mental health problems and personality disorders, TBI among them. But TBI-specific treatment was not recommended by either of mother's neuropsychological evaluations; instead both evaluations recommended individualized therapy with a provider aware of mother's limitations. DHS provided mother with services specialized to her needs, including, as recommended, individualized weekly therapy, and advised service providers of mother's various mental health problems, including TBI.

With regard to the first assignment of error, we conclude that the juvenile court did not err in concluding that DHS had met its burden to demonstrate that its efforts were reasonable. Our conclusion that DHS's efforts were reasonable should not be read to suggest that DHS's efforts in this case were only minimally adequate as a matter of law; rather, under the circumstances, we think that DHS's efforts were more than sufficient to qualify as "reasonable."

Regarding mother's second assignment of error, mother does not address why her progress was sufficient or explain why the record does not support the juvenile court's determination that her progress was insufficient. We reject mother's second assignment of error for that reason. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself").

In view of our rejection of mother's first and second assignments, we also reject mother's contention in her third assignment that the trial court erred in changing D's permanency plan from reunification to adoption.

Affirmed.