***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 21, affirmed March 22, petition for review
denied July 20, 2023 (371 Or 308)

JOHN M. ELLAM-MERIWETHER,
*Petitioner-Appellant,*

*v.*

Tyler BLEWETT,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
18CV45097; A174228

J. Burdette Pratt, Senior Judge.

Harrison Latto argued the cause and filed the briefs for appellant. John M. Ellam-Meriwether filed the supplemental brief *pro se*.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, challenging his convictions for two counts of first-degree unlawful sexual penetration, ORS 163.411; one count of first-degree sodomy, ORS 163.405; one count of first-degree sexual abuse, ORS 163.427; and one count of third-degree sexual abuse, ORS 163.415. Petitioner contends that trial counsel rendered inadequate assistance under Article I, section 11, of the Oregon Constitution, and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution. On appeal, he raises a single assignment of error through counsel, as well as five *pro se* supplemental assignments of error. We affirm.

"We review a post-conviction court's decision for legal error, and we are bound by the court's factual findings if there is evidence in the record to support them." *Boswell v. State of Oregon*, 305 Or App 515, 519, 469 P3d 846, *rev den*, 367 Or 387 (2020). To demonstrate that he received inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, "petitioner must prove two things, commonly referred to as the performance and prejudice prongs: (1) that trial counsel failed to exercise reasonable professional skill and judgment and (2) that petitioner suffered prejudice as a result." *Id.* (internal quotation marks omitted). "To demonstrate ineffectiveness of counsel under the Sixth Amendment of the federal constitution, a petitioner must make a functionally equivalent showing." *Id.* (internal quotation marks omitted).

*Petitioner's Assignment of Error Raised Through Counsel*: Petitioner contends that the post-conviction court erred "in rejecting petitioner's claim that he was deprived of his constitutional right to the effective assistance of counsel as a matter of law when his defense attorney in his criminal trial neglected to object when the trial court instructed the jury" with a particular instruction regarding when a person is "physically helpless" under Oregon law.

As a preliminary matter, we reject petitioner's argument that the instruction at issue, if improper, is an

instruction from which prejudice must be presumed because it instructed the jury with an improper mandatory presumption. *See McDonnell v. Premo*, 309 Or App 173, 188, 192, 483 P3d 640 (2021), *rev den*, 369 Or 507 (2022) (holding that presumed prejudice "is not permissible in the post-conviction context under Oregon law" and noting that under the federal constitution, "when a structural error is raised in the context of an ineffective-assistance claim, finality concerns require a petitioner to show prejudice in order to obtain a new trial, unless the ineffective assistance amounts to a constructive denial of counsel" (internal quotation marks and brackets omitted)); *see also Carella v. California*, 491 US 263, 266, 109 S Ct 2419, 105 L Ed 2d 218 (1989) (noting that a "*Sandstrom* error"—*i.e.*, when the jury is given an instruction regarding a presumption and the jury "might have understood the presumption to be conclusive or as shifting the burden of persuasion"—is "subject to the harmless-error rule"). Petitioner's reliance on *Sullivan v. Louisiana*, 508 US 275, 113 S Ct 2078, 124 L Ed 182 (1993), is misplaced, because the holding in *Sullivan*—the only time the United States Supreme Court has held an instructional error to be structural error—"rested on the fact that an improper reasonable-doubt instruction 'vitiates *all* the jury's findings' and produces 'consequences that are necessarily unquantifiable and indeterminate.'" *State v. Ramos*, 367 Or 292, 301, 478 P3d 515 (2020) (quoting *Neder v. United States*, 527 US 1, 11, 119 S Ct 1827, 144 L Ed 2d 35 (1999) (emphasis in *Neder*)). The instruction petitioner asserts was error was not akin to an improper reasonable-doubt instruction.

Having rejected petitioner's presumed prejudice argument, we conclude that the post-conviction court did not err in determining that petitioner failed to establish prejudice based on the jury instruction. Petitioner's defense at trial was that no sexual contact had occurred between him and the victim. The instruction had no bearing on any fact in dispute during petitioner's trial. For that reason, the failure to object to the instruction, even if it was an improper instruction (an issue we do not decide), could not have had a tendency to affect the result of the trial. *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017) ("To demonstrate prejudice, a petitioner must show that counsel's failure had a

tendency to affect the result of his trial." (Internal quotation marks omitted.)).

*Petitioner's First Supplemental Assignment of Error.* Petitioner contends that the post-conviction court erred "in rejecting petitioner's claim that he received constitutionally ineffective assistance of counsel (IAC) when his defense attorney in the criminal trial neglected to ask that the jury be instructed that the state was required to prove, as an element of the crime charged, that petitioner knew that the victim was physically helpless at the pertinent time."

We conclude that the post-conviction court did not err in determining that trial counsel made a reasonable strategic decision, with petitioner, to proceed on a trial strategy that denied any sexual activity rather than to pursue the affirmative defense that petitioner did not know of the facts or conditions responsible for the victim's incapacity to consent, ORS 163.325(3). We further agree with the post-conviction court that the failure to request the instruction could not have had a tendency to affect the result of petitioner's trial, because petitioner's mental state with regard to consent was not at issue during petitioner's trial.[1]

*Petitioner's Second Supplemental Assignment of Error.* Petitioner contends that the post-conviction court erred "in rejecting petitioner's claim that he received constitutionally IAC when his defense attorney chose not to call as a witness an expert in DNA evidence." More specifically, petitioner argues that trial counsel should have called Karen Lawless as an expert witness to provide an explanation for certain inculpatory DNA evidence. The difficulty with that argument is that, as the post-conviction court found, trial counsel consulted with Lawless and learned that her testimony would be more favorable to the state than to the defense. For that reason, we conclude that the post-conviction court did not err in determining that petitioner failed to meet his burden to establish that trial counsel's performance was deficient or to establish prejudice.

---

[1] To the extent petitioner's argument in his first supplemental assignment of error involves a statement the victim made to police, that argument is insufficiently developed for us to address it. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003).

*Petitioner's Third Supplemental Assignment of Error.*
Petitioner contends the post-conviction court erred "in rejecting petitioner's claim that he received constitutionally IAC when his defense attorney did not present evidence of prior sexual contact between petitioner and the victim." The post-conviction court determined that trial counsel made a reasonable strategic decision not to elicit testimony from petitioner concerning petitioner's claimed prior sexual contact with the victim. Given the post-conviction court's factual findings—among others, that "petitioner was not able to respond to the most basic questions that would have been asked * * * on cross-examination" about his prior sexual contact with the victim—we conclude that the post-conviction court's determination that trial counsel made a reasonable strategic decision not to elicit testimony from petitioner concerning petitioner's prior sexual contact with the victim was not error.

*Petitioner's Fourth Supplemental Assignment of Error.*
Petitioner contends that the post-conviction court erred "in rejecting petitioner's claim that he received constitutionally IAC when his defense attorney did not object when the prosecutor began his closing argument by professing his personal belief in petitioner's guilt." We understand that assignment to refer to the prosecutor's use of the words "that I believe" regarding certain evidence. The post-conviction court determined that petitioner had not met his burden to establish that trial counsel's performance was deficient because not all reasonable attorneys would have objected to that statement under the circumstances, which included that "it was a fleeting comment that [the prosecutor] appeared to catch and correct in mid-sentence" and "[o]bjecting could have brought it to the attention of the jury when otherwise they may not have noticed the comment." We conclude that the post-conviction court did not err in doing so. *McDonnell*, 309 Or App at 196 (counsel not ineffective for failing to object to term where not "all reasonable attorneys would have objected to the term").

*Petitioner's Fifth Supplemental Assignment of Error.*
Petitioner contends that the post-conviction court erred "in rejecting petitioner's claim that he received constitutionally IAC when his defense attorney did not object when the

prosecutor, during his closing argument, referred improperly to the nature of sex crimes." We agree with the post-conviction court that the comments that petitioner argues were improper addressed information within the common knowledge of most jurors and, even if improper, could not have had a tendency to affect the outcome of the trial. Therefore, we conclude that the post-conviction court did not err.

Affirmed.