No. 91          February 12, 2025          759

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HAWREE AKRAM ABDULHAMEED ALJAF,
*Defendant-Appellant.*

Washington County Circuit Court
21CR08732; A180112

Beth L. Roberts, Judge.

Argued and submitted January 14, 2025.

Peter G. Klym, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of third-degree sexual abuse, ORS 163.415, one count of harassment, ORS 166.065, and one count of public indecency, ORS 163.465, raising four assignments of error concerning various evidentiary rulings. Defendant's convictions stem from his conduct while he was experiencing a mental health crisis and in a locked psychiatric ward of the emergency department at St. Vincent's Hospital.

For the reasons below, we affirm.

*First Assignment of Error.* The trial court ruled that defendant could not "give a diagnosis" regarding his own mental health, *viz.*, that defendant could not testify that he has bipolar I disorder. In his first assignment of error, defendant assigns error to that ruling. The state responds that the trial court did not err in excluding that testimony and that, in any event, any error is harmless.

Even assuming that the trial court erred, we agree with the state that any error is harmless, because there is little likelihood that the challenged ruling affected the verdict in this case. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?"). In reaching that conclusion, we note that a witness who worked as a "qualified mental health associate" at the emergency department where defendant's conduct occurred and who provided care to defendant on the night of defendant's conduct testified that it appeared defendant was "experiencing the symptoms of bipolar one" and that defendant was "showing classic signs of mania"; that, although defendant was not able to testify as to his diagnosis of bipolar I disorder, he was permitted to (and did) testify to the mental health symptoms he was experiencing on the night of the conduct that led to his convictions, *e.g.*, he testified "feeling like I am powerful and I am God"; and that another witness, who worked as a registered nurse at the emergency department, testified that defendant was being treated "for psychosis" with "antipsychotic" medication. *See State v. Strasser*, 303 Or

App 566, 572, 464 P3d 497 (2020) ("The erroneous exclusion of evidence is harmless if a factfinder would have regarded the evidence as duplicative or unhelpful to its deliberations." (Internal quotation marks omitted.)).

*Second Assignment of Error.* In his second assignment of error, defendant contends that the trial court "erred when it excluded testimony pertaining to defendant's mental health history as irrelevant." Based on the record and the preservation section of defendant's briefing, we understand defendant's second assignment of error to be directed at two specific rulings: (1) the trial court's exclusion of defendant's testimony that he had "observed his long-term partner going through cancer treatment in 2018" which is what "ultimately led to his mental health deterioration over the next two years"; and (2) the trial court's exclusion of testimony from defendant that two "psychiatric holds" were placed on him in the months leading up to the "psychiatric hold" during which his criminal conduct occurred, and that another "psychiatric hold" was placed on him a month after the "psychiatric hold" during which his criminal conduct occurred.[1]

The state argues, among other points, that defendant failed to preserve his challenge to those rulings.

We conclude the trial court did not err. As to the first ruling—concerning defendant's observation of his partner's cancer treatment—defendant told the trial court that he sought to admit the challenged testimony in order to "just lay[ ] the timeline for what occurred," because it was the "starting point for this psychotic break that he had just two years later." The trial court determined that that evidence was not relevant. Assuming defendant's challenge to this ruling is preserved, we conclude that the trial court did not err in excluding the testimony as irrelevant, because the excluded testimony did not have "any tendency to make the

---

[1] We also note that, at oral argument, with respect to this second assignment of error, defendant stated that he "should have been able to testify regarding when he first developed bipolar 1 disorder and how that has progressed over the *** two and a half years between when he developed it and the incident." Defendant has not identified when the trial court made the ruling excluding that evidence or that, if it did, he has preserved his challenge to that ruling. We address the pertinent rulings that we understand the trial court to have made.

existence of any fact that is of consequence to the determination of the action more probable or less probable." OEC 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

As for the second ruling—concerning the psychiatric holds—we understand the trial court to have excluded the evidence both because it determined the evidence was irrelevant under OEC 401 and because, even if it was relevant, its probative value was substantially outweighed by the danger of unfair prejudice under OEC 403. Because defendant did not articulate a theory of relevance in the trial court for the three psychiatric holds, we agree with the state that he did not preserve that issue for appeal. *State v. Johnson*, 288 Or App 528, 534-35, 406 P3d 1091 (2017), *rev den*, 362 Or 389 (2018) ("To preserve an issue, a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." (Internal quotation marks omitted.)). Further, and in any event, even if the trial court did err, we conclude that any error was harmless, given the evidence that was admitted at trial—that is, evidence that defendant was being held in the psychiatric ward at the time of his conduct and evidence of the mental health symptoms he was experiencing at the time of his conduct.

*Third Assignment of Error.* In his third assignment of error, defendant contends that the trial court erred when it "excluded testimony pertaining to defendant's mental health symptoms at the time of the incident as irrelevant." The state argues, among other points, that defendant did not preserve the arguments that he raises in this assignment of error.

As we see it, the difficulty with this assignment of error is that it starts from a false premise—namely, that the trial court "excluded testimony pertaining to defendant's mental health symptoms at the time of the incident as irrelevant." Instead, we understand the trial court to have (1)

sustained an objection as to a purported cause of defendant's mental health symptoms—that is, that he experienced "psychosis" *because* he had been "prescribed [with a] medication called Vyvanse"; and (2) sustained an objection to defendant's testimony when defendant did not answer the question that was asked of him while he was testifying. Indeed, contrary to defendant's contention in his third assignment of error, and as noted by the state, the trial court allowed defendant to testify at trial about the mental health symptoms he was experiencing at the time of his conduct. It also allowed a witness to testify that she had given defendant an antipsychotic medication.

Because, in his third assignment of error, defendant has not developed any argument as to the rulings that the trial court actually made, we reject it. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself.").

*Fourth Assignment of Error.* In his fourth assignment of error, defendant contends that the trial court erred in excluding testimony "from [two witnesses] that defendant was being treated for Bipolar I disorder and suffered from the symptoms of that disorder." The state responds that the trial court "did not exclude testimony that defendant was being treated for Bipolar I disorder and suffered from the symptoms of that disorder," and that, to the extent that its ruling could be construed that way, any error was harmless.

In view of the evidence that was admitted at trial, we agree with the state that any error was harmless. In reaching that conclusion regarding this assignment of error, we note that that one of the witnesses whom defendant identifies in this assignment of error—the qualified mental health associate—testified that it appeared that defendant was "experiencing the symptoms of bipolar one," that "his thought process appeared to be disorganized," that it appeared that "he was having delusions," that it appeared "he was in some state of psychosis," and that he was

"showing classic signs of mania." The other witness whom defendant identifies in this assignment of error—the registered nurse—for her part, testified that she was treating defendant for psychosis, and that treatment included giving defendant an antipsychotic medication.

Affirmed.