448 March 5, 2025 No. 185

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Sean MURPHY,
dba Murphy Family Electric,
*Petitioner,*

*v.*

ELECTRICAL AND ELEVATOR BOARD,
*Respondent.*

Electrical and Elevator Board
2023ABC05780; A182645

Submitted January 22, 2025.

Sean Murphy filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner seeks judicial review of a final order of the Electrical and Elevator Board. The board found that petitioner committed several violations and, as a result, suspended his electrical contractor's license and general supervising electrician license for two years, imposed a civil penalty of $21,500, and reinstated a previously suspended civil penalty of $2,750. On review, petitioner argues that the board erred by (1) finding that petitioner attempted to deceive city inspectors by asking a homeowner to make a false statement; (2) finding that an unlicensed individual employed by petitioner performed electrical work; and (3) imposing disproportionately severe penalties for the violations. The board maintains that it did not err.

On judicial review of a final administrative order, "we review the board's findings of fact for substantial evidence and its legal conclusions for errors of law." *Public Utility Commission v. Tillotson*, 210 Or App 433, 439, 150 P3d 1083 (2007). We review the decision on license suspension and civil penalties for abuse of discretion, *Read v. Oregon Medical Board*, 244 Or App 603, 614-15, 260 P3d 771 (2011), *rev den*, 351 Or 649 (2012), recognizing that, "under a totality of the circumstances review, a punishment disproportionate to the offense can constitute an abuse of discretion," *Sachdev v. Oregon Medical Board*, 312 Or App 392, 409, 494 P3d 1018 (2021).

Applying those standards, we affirm. As an initial matter, the board points out, and we acknowledge, that petitioner's arguments to this court are quite summary. Given our neutral role, we will not develop legal arguments for a party, instead addressing only properly presented and sufficiently developed arguments. *See Johnson v. Mullen*, 331 Or App 112, 118, 545 P3d 1261 (2024) (rejecting an argument that was raised but not sufficiently developed in the appellant's brief); *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (rejecting a "conclusory" argument as "it is not this court's function to speculate as to what a party's argument might be[, n]or is it our proper function to make or develop a party's argument when

that party has not endeavored to do so itself"). We therefore limit ourselves to addressing the arguments that are properly presented and at least minimally sufficiently developed in petitioner's briefing.

With respect to the two challenged factual findings—that an unlicensed individual employed by petitioner performed electrical work, and that petitioner attempted to deceive city inspectors by asking a homeowner to make a false statement—those findings are supported by substantial evidence.

The parties stipulated, and the board found, as follows.[1] At all relevant times, Stan Grubbs worked for petitioner's business "as an electrician" and "did not hold a valid Oregon supervising electrician license, journeyman electrician license, or limited residential electrician license." In February 2021, at the 9th Place property, Grubbs installed a new electrical panel and new GFCI outlets. In June 2021, at the SE 70th Avenue property, Grubbs installed the final wiring to connect a hot tub to power, replaced the interior circuit breaker box, installed a new service line mast on the roof, replaced an external meter box from the main service line, and installed electrical wire from the meter to the rear of the house. In August and September 2021, regarding the Concord Avenue property, petitioner's business emailed the property owner on three separate occasions to confirm that Grubbs would be his electrician on a particular date, then sent invoices for the work. Petitioner then texted the owner on September 15, 2021, asking him to tell the city inspector that Curtis Stone, a licensed journeyman electrician, performed the electrical installations at the property. When the owner replied that he had already told the inspector that Grubbs performed them, petitioner responded, "It's okay, we can say Stan helped"; told the owner that Grubbs was about to take his journeyman's test and worked under petitioner's license; and stated, "We need to tell the inspector Curtis is our licensed tech on the job."

In challenging the board's findings regarding Grubbs performing electrical work while unlicensed and

---

[1] The board made more extensive findings, but we discuss only those findings that are most relevant to the issues on judicial review.

petitioner attempting to deceive city inspectors in relation to the Concord Avenue property, petitioner essentially asks us to adopt a version of the facts that is contrary to the board's findings and his own stipulations. That is inconsistent with the standard of review. The challenged findings are supported by substantial evidence.

We next address the license suspensions and civil penalties that the board imposed for the violations. Petitioner argues that the board abused its discretion, citing the length of the license suspensions and the amount of civil penalties as disproportionate "given the absence of any demonstrated harm or significant risk to public safety." We are unpersuaded that the board abused its discretion. "[T]here is often more than one legally permissible choice when discretion is at play." *Dept. of Human Services v. T. J. L.*, 335 Or App 477, 483, 558 P3d 855 (2024). Although the board might have had discretion to impose shorter suspensions or lesser civil penalties, that does not mean that it abused its discretion by choosing the length of suspensions and amount of civil penalties that it did. Considering "the totality of the circumstances" as established by the factual findings of the board, *Sachdev*, 312 Or App at 409, and the limited arguments made by petitioner, we are unpersuaded that the board abused its discretion.

Affirmed.