No. 240     March 19, 2025     151

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ROBERT RICHARDSON,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV15526; A175487

J. Burdette Pratt, Senior Judge.

Argued and submitted February 21, 2024.

Harrison Latto argued the cause and filed the brief for appellant. Robert Richardson filed the supplemental briefs *pro se*.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.*

LAGESEN, C. J.

Affirmed.

_____
  * Lagesen, C. J. *vice* Jacquot, J.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions for aggravated murder with a firearm, attempted aggravated murder with a firearm, first-degree assault with a firearm, second-degree assault with a firearm, and one count of unlawful use of a weapon. Petitioner was represented by a team of two attorneys at trial. He alleges that his criminal trial counsel were constitutionally inadequate and ineffective in a variety of respects, and that the post-conviction court erred in denying relief on the alleged grounds of inadequacy and ineffectiveness. We review the post-conviction court's denial of post-conviction relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under those standards, we affirm.

*Legal Standards.* At issue in this matter are parallel claims of inadequate assistance of trial counsel under Article I, section 11, of the Oregon Constitution, and ineffective assistance of trial counsel under the Sixth Amendment to the United States Constitution. To establish that his trial counsel rendered inadequate assistance for purposes of Article I, section 11, petitioner was required to prove two elements: (1) a performance element—that trial counsel "failed to exercise reasonable professional skill and judgment"; and (2) a prejudice element—that "petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment. *Id*. To prevail on that claim, petitioner was required to demonstrate that "trial counsel's performance 'fell below an objective standard of reasonableness'" and also that "there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 700 (quoting *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984)).

*Failure to File Motion to Suppress.* In his first assignment of error, which is the only assignment of error asserted in the brief filed by counsel, petitioner contends

that the post-conviction court erred by denying relief on his claim that his trial counsel were inadequate and ineffective for not moving to suppress statements that he made in a post-arrest interview. In denying relief, the post-conviction court credited petitioner's trial counsel's explanation as to why they did not move to suppress—that parts of the interview would support petitioner's trial strategy of claiming self-defense, and that they did not have a basis to move to suppress the statements that petitioner made before he clearly invoked his *Miranda* rights. On this record, as the post-conviction court correctly concluded, neither of those assessments represents a failure to exercise reasonable professional skill and judgment.

It was not unreasonable for petitioner's trial counsel to think that the statements could buttress petitioner's self-defense strategy. Trial counsel reasoned that one of petitioner's statements in the interview—"they go on me"—was consistent with his claim of self-defense and was important because of its timing. Because petitioner made it to the police soon after the shooting, it could demonstrate that petitioner had not changed his story after the fact.

It also was not unreasonable for petitioner's trial counsel to think that a motion to suppress would not have succeeded. Although petitioner contends that reasonable counsel would have argued that petitioner's statement that "I don't know nothin' about nothin'" was an invocation of his *Miranda* right to remain silent, on its face, the statement is a disclaimer of knowledge that does not state or imply that petitioner did not want to talk to police. It therefore stands in stark contrast with the statements that the Supreme Court and we have deemed to be unequivocal or equivocal invocations of the *Miranda* right to remain silent, which contain some reference to speaking. *See State v. Nichols*, 361 Or 101, 104, 107, 390 P3d 1001 (2017) (concluding that "it's not something I want to talk about" was an unequivocal invocation of the right to remain silent); *State v. Rose*, 296 Or App 99, 102, 108, 437 P3d 1144 (2019) (concluding that "I don't have nothing to say" was an equivocal invocation). Given that contrast, petitioners' trial counsel reasonably could conclude that petitioner's statement, "I don't

know nothin' about nothin',' would not support a motion to suppress premised on the theory that the statement invoked petitioner's *Miranda* rights and reasonably decline to pursue such a motion.

> *Failure to Seek Exclusion of Evidence That the Gun Was Stolen.* In his first *pro se* supplemental assignment, petitioner contends that trial counsel were inadequate and ineffective for not moving *in limine* to exclude evidence that the gun that petitioner used to shoot the victims was stolen. The post-conviction court denied relief on this claim for a range of reasons, including that petitioner did not demonstrate that the inclusion of the evidence prejudiced him: "Petitioner did not prove that the introduction of evidence that [p]etitioner had stolen the gun used in the shooting could have had a tendency to affect the outcome of the trial." On review of the record, we agree with that conclusion. Given the evidence of petitioner's conduct, and the minimal emphasis placed on how petitioner acquired the gun, it is unlikely that the evidence had any tendency to affect the jury's decision.

> *Failure to Call Memory Expert.* In his second *pro se* supplemental assignment, petitioner contends that his trial counsel were inadequate and ineffective for not calling a memory expert as a witness at trial to explain petitioner's trial testimony that he did not remember pulling out his gun, pulling the trigger, or shooting anyone. The post-conviction court denied relief on this claim based on its factual findings that petitioner had not told his attorneys that he did not remember his conduct, and, on multiple occasions, gave detailed descriptions of the events leading to the shootings. This led the post-conviction court to the conclusion that trial counsel had no reason to foresee the need for a memory expert. Those findings are supported by the record and preclude the conclusion that counsel's omission to call a memory expert represents a failure to exercise reasonable professional skill and judgment. *Green*, 357 Or at 312 (supported findings of fact binding on appellate court). Absent evidence that petitioner had memory issues as counsel prepared for trial, there was no reason for counsel to consult a memory expert.

*Failure to Call Self-Defense Expert.* In his third *pro se* supplemental assignment, petitioner assigns error to the post-conviction court's denial of relief on his claim that counsel were inadequate and ineffective for not calling as a witness Bedard, an expert they had hired to support petitioner's claim of self-defense. Counsel hired Bedard to observe petitioner's testimony at trial and then provide expert testimony as to how it was consistent with self-defense. After petitioner testified at trial that he did not remember pulling the trigger or shooting people, the trial court imposed significant limitations on Bedard's potential testimony, including prohibiting him from opining on self-defense or on petitioner's response to the situation he was in. It was under those circumstances that counsel decided not to call Bedard and so trial counsels' decision was a reasonable one because, given the trial court's limitations, the testimony would have done little, if anything, to advance the defense.

Petitioner also contends that trial counsel failed to properly prepare Bedard for trial. But as the superintendent points out, that particular claim is not preserved. Beyond that, we note that it is not clear what counsel could have done to prepare Bedard for trial, given the substantial and unanticipated change in petitioner's story once he took the stand.

*Failure to Adequately Advise Petitioner.* In his fourth *pro se* supplemental assignment, petitioner assigns error the post-conviction court's denial of relief on his claim that trial counsel were inadequate and ineffective in advising him regarding the possibility of the death penalty and potential issues of appeal. Petitioner asserts that counsels' inadequate advice prejudiced him by causing him to waive his right to appeal and stipulate to a sentence of life without parole, when he otherwise would not have agreed to stipulate. The post-conviction court denied relief on this claim, explaining its reasoning in detail, and finding that petitioner was advised extensively on the "pluses and minuses of the resolution and the effect of waiving appeal." The post-conviction court further found that "There were no sure-fire issues on appeal and [p]etitioner was advised of his chances on appeal."

In challenging that ruling on appeal, petitioner does not dispute the post-conviction court's factual findings, meaningfully engage with its reasoning, or point to any evidence in the record that would compel the court to conclude that petitioner met the burden of demonstrating that the advice he received was mistaken or unreasonable. However, petitioner identifies three issues that he claims "could have been raised on direct appeal": a *Batson issue*; a mistrial issue; and an issue regarding the limitations that the trial court placed on Bedard's potential testimony. He has not developed any legal arguments before us that would permit us to conclude that those issues were viable appellate issues, and we will not develop those arguments for him. *See, e.g.*, *Waldorf v. Premo*, 301 Or App 572, 584, 457 P3d 298 (2019), *rev den*, 366 Or 451 (2020) (not addressing undeveloped argument); *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 701 n 2, 64 P3d 1193*, adh'd to as clarified on recons*, 187 Or App 472, 64 P3d 1193 (2003) (declining to address "conclusory sentences" requesting a remand and new trial).

*Cumulative Error.* In his fifth supplemental *pro se* assignment, petitioner argues that even if the alleged deficiencies in counsels' performance do not individually warrant relief, the "cumulative effect" of the alleged inadequacies does. We reject this assignment of error because Oregon's appellate courts have not recognized the doctrine of cumulative error. *Vega-Arrieta v. Blewett*, 331 Or App 416, 428, 545 P3d 746 (2024) (citing *Monica v. Myers*, 319 Or App 376, 386-87, 510 P3d 238, *rev den*, 370 Or 212 (2022)).

*Unreasonableness.* In his sixth supplemental *pro se* assignment, invoking the standard of review that applies in federal habeas corpus proceedings reviewing state criminal proceedings under 28 USC § 2254(d), petitioner argues that the post-conviction court's ruling is "contrary to clearly established" federal law (namely *Strickland*), "involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court," and "is based on an unreasonable determination of the facts in light of the evidence presented in the post-conviction proceeding." That federal standard of review does not assist

petitioner here because it is far more deferential to the post-conviction court than our applicable standard of review. *See, e.g., Harrington v. Richter*, 562 US 86, 102, 131 S Ct 770, 178 L Ed 2d 624 (2011) (discussing the highly deferential standard that applies when a federal court reviews a state court decision under 28 USC § 2254). We have reviewed the assigned errors presented, to the extent they are adequately supported by argument, and have concluded, under the higher-level scrutiny mandated by our applicable standard of review, that the post-conviction court did not commit reversible legal error or make factual findings based on inadequate evidentiary support.

Affirmed.