808 August 20, 2025 No. 748

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Derrick ROGERS,
individually,
*Plaintiff-Appellant,*

*v.*

WASHINGTON COUNTY,
by and through Washington County Sheriff's Office,
and Vigilnet America LLC,
dba VigilNet, a foreign limited liability company
authorized to do business in Oregon,
*Defendants-Respondents.*
A182149

Amber STEVENS,
individually,
*Plaintiff-Appellant,*

*v.*

WASHINGTON COUNTY,
by and through Washington County Sheriff's Office,
and Vigilnet America LLC,
dba VigilNet, a foreign limited liability company
authorized to do business in Oregon,
*Defendants-Respondents.*
A182151

Jonathan W. Monson, Judge pro tempore.

Argued and submitted on March 18, 2025.

Alexander W. Pletch argued the cause for appellants. Also on the briefs was Rizk Law, P.C.

Damian P. Stutz argued the cause for respondent Vigilnet America, LLC. Also on the briefs were Christopher R. Piekarski and Gilbert/Levy @ Bridgeport The GLB Attorneys.

John Mansfield argued the cause and filed the briefs for respondent Washington County.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Plaintiffs, who were assaulted and seriously injured by Jeb Brock while he was on post-prison supervision (PPS) and pretrial release, each brought a negligence action against defendants Washington County and VigilNet America, LLC. The trial court granted summary judgment for defendants and dismissed plaintiffs' claims. Plaintiffs appeal, assigning error to the summary judgment ruling.[1] We affirm.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Thompson v. Portland Adventist Medical Center*, 309 Or App 118, 121, 482 P3d 805 (2021); *see also* ORCP 47 C (setting out summary judgment standard). Like the trial court, we must view the facts in the light most favorable to the nonmoving party and assess whether no objectively reasonable juror could find in their favor. *Thompson*, 309 Or App at 121; ORCP 47 C.

In this case, as relevant to this appeal, plaintiffs alleged that defendants were negligent in failing to impose pretrial release conditions on Brock that would have controlled his movements and in failing to warn plaintiffs of the risk that Brock posed to them. Defendants moved for summary judgment, arguing that they lacked authority to impose release conditions on Brock and that they had no factual basis or legal obligation to warn plaintiffs regarding Brock. The trial court granted summary judgment.

Plaintiffs contend that the trial court erred in doing so, because, according to plaintiffs, defendants "took charge of [Brock's] post- and pre-trial supervision" within the meaning of *Restatement (Second) of Torts*, section 319 (1965), such that there were genuine disputes of material fact as to "whether providing absolutely no movement restrictions, listing his home as a 'behind the Dollar Tree,' and failing to warn anyone about his dangerous propensities created a foreseeable and unreasonable risk of harm to people like" plaintiffs. *See Buechler v. Oregon Corrections Division*, 316

---

[1] The actions were consolidated in the trial court, and the appeals have been consolidated for purposes of this opinion. Our discussion applies equally to both cases.

Or 499, 506, 853 P2d 798 (1993) (explaining that section 319, which provides that "'[o]ne who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm,'" "defines a custodian's duty [to third parties] concerning a prisoner in Oregon").

The problem with that argument, as the trial court explained, is that plaintiffs presented no evidence on summary judgment that either defendant "took charge of" Brock within the meaning of section 319. To the contrary, the undisputed evidence in the summary judgment record is that the Washington County Circuit Court—which is a state trial court, not a county entity—had exclusive control over the terms of Brock's release. Neither Washington County nor VigilNet had authority in that regard. One of the conditions of release imposed by the court was that Brock report to his PPS officer, who was employed by Washington County—but it is undisputed that Brock did so, and it is undisputed that the PPS officer lacked authority to himself impose release conditions or control Brock's movements beyond enforcing the conditions of his PPS. In sum, the record does not allow an inference that either defendant "took charge of" Brock. *See Kim v. Multnomah County*, 328 Or 140, 147, 970 P2d 631 (1998) ("In a probation officer-probationer relationship, the probation officer does not have [the legal ability to take charge of the probationer within the meaning of section 319]. Within the limits of the conditions of his probation, the probationer is free to come and go as he pleases, when and where he pleases."). The trial court did not err in concluding on this summary judgment record that there was no genuine dispute as to liability under section 319 and that defendants were entitled to judgment as a matter of law.

To any extent that plaintiffs contend that the trial court erred in granting summary judgment because they have some theory of liability that does not implicate section 319, any such argument is inadequately developed for our review. *See Beall Transport Equipment Co. v. Southern Pacific Transport*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259

(2003) (stating that we will not make or develop arguments that are not clearly presented).

Affirmed.