874 February 4, 2026 No. 71

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. C.,
*Appellant.*

Lane County Circuit Court
24CC05116; A185507

R. Curtis Conover, Judge.

Argued and submitted August 8, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Hunter Briggs, Certified Law Student, argued the cause for respondent. On the brief were Dan Rayfield, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Appellant appeals from a judgment committing him to the Oregon Health Authority for up to 180 days. *See* ORS 426.130(1)(a)(C) (2023) (authorizing commitment of a person with mental illness).[1] He raises two assignments of error. In the first, he challenges the legal adequacy of the citation he received in advance of the hearing, and in the second he challenges the legal sufficiency of the evidence related to danger to others. We affirm.

Appellant's first assignment has two parts. In the first part of his argument, which is unpreserved, appellant contends that there was a problem with the notice because the "citation in the court register does not have as an attachment either the investigation report referred to in the citation nor the 'redacted' investigation report referred to in the proof of service." *See* ORS 426.074(3) (2023) (requiring the investigation report to be provided "in no event later than 24 hours prior to the hearing"). Thus, he argues that there is no indication that he ever received the investigation report. However, in response to a question by the trial court, appellant's counsel stated that she had reviewed the precommitment investigation report that was attached and incorporated in the citation, and thus, the trial court determined that appellant was served with the investigation report. The alleged error is not obvious on the face of the record and therefore does not amount to plain error. *State v. V. L.*, 341 Or App 774, 778-79, 575 P3d 215 (2025) (citing *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013), and its discussion of review for plain error).[2]

---

[1] ORS 426.130(1)(a)(C), along with the bulk of the civil commitment statutes, was amended after appellant's civil commitment hearing. *See* Or Laws Ch 559 (2025). However, because appellant was committed before those amendments became operative, we rely on the prior versions of the civil commitment statutes in this opinion.

[2] To the extent appellant argues that reversal is required because the report she received contained redactions, that argument is insufficiently developed. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself."). And, further, at least absent a developed argument, without information about the nature of the redactions, any error is not obvious on the face of the record.

In the part of the first assignment that is preserved, appellant contends that the citation did not comply with ORS 426.090 because it did not contain a statement of the "specific" reasons he was alleged to be mentally ill within the text of the document itself; rather, those reasons were provided in an investigation report attached to the citation for the commitment hearing. *See* ORS 426.090 (2023) (requiring the citation to state "the specific reasons the person is believed to" be a person with mental illness). That argument is foreclosed by *V. L.*, 341 Or App at 778, in which we determined that "the purpose of the requirement is to provide a mentally ill person notice of the reasons that they are alleged to be mentally ill, and that purpose is met through incorporating by reference an attachment containing those reasons."

Regarding the second assignment of error related to the legal sufficiency of evidence of danger to others, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. J. K.,* 337 Or App 629, 630, 564 P3d 940 (2025) (internal quotation marks omitted). "A person can be committed on 'danger to others' grounds only if the evidence permits a rational finder of fact to conclude that a mental disorder makes the person highly likely to engage in future violence toward others, absent commitment." *Id.* at 633 (internal quotation marks omitted).

Appellant argues that "there is insufficient evidence to show at the time of the hearing that the appellant presented a danger to others after the hearing." The state responds that "the evidence was sufficient to support appellant's commitment." We have reviewed the record and conclude that there is legally sufficient evidence to support the trial court's determination. Appellant, who has schizoaffective disorder, bipolar type has "delusions and paranoia" that make him "prone to violence and aggression" and he has engaged in violent behavior toward others, including one of the workers on a mobile crisis team and hospital staff members which support a determination that he was a "danger

to others" within the meaning of the civil commitment statutes.

Affirmed.