678 March 11, 2026 No. 187

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SOUTHWEST PORTLAND LAW GROUP,
*Plaintiff-Respondent,*

*v.*

Ofelia DE LAS MERCEDES GALVEZ-PRADO,
Carely Mazie Flores Galvez, and Miguel Angel Casto,
*Defendants-Appellants.*

Washington County Circuit Court
24CV25056; A186904

Theodore E. Sims, Judge.

Submitted February 19, 2026.

Ofelia de las Mercedes Galvez-Prado filed the briefs *pro se*.

Jeremy R. James filed the brief for respondent.

Before Tookey, Presiding Judge, Lagesen, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendants appeal from an order denying their motion to set aside a default order and judgment pursuant to ORCP 71 B. In three assignments of error, defendants argue that the trial court erred in entering the default judgment without proper service, that the trial court violated defendants' constitutional due process rights without adequate notice and opportunity to be heard, and that the default judgment is void based on a lack of proper service. We affirm.

Defendants' assignments of error and arguments on appeal—and plaintiff's responses to them—are focused on the merits of defendants' motion to set aside the default order and judgment. However, the trial court did not consider the merits of defendants' motion and instead denied the motion on the procedural ground that defendants did not include with it an answer to the complaint or a motion under ORCP 21 asserting a claim or defense. *See* ORCP 71 B(1) (requiring some motions to set aside judgments to "be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense"). Defendants have not assigned error to that ruling or otherwise argued that the trial court erred in so ruling. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself."). In addition, defendants did not respond to plaintiff's argument before the trial court that the court could deny defendants' motion based on defendants' failure to attach a responsive pleading. That would render any claim that the court erred in that regard unpreserved, even if defendants had raised it to us. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). We therefore affirm.

Affirmed.