No. 360 April 29, 2026 209

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Paul N. CLAVETTE,
a beneficiary of the Normand Clavette Trust,
u/a/d May 10, 2017,
*Petitioner-Appellant,*

*v.*

Jane A. CLAVETTE
and Lisa A. Christensen,
Trustees of the Normand Clavette Trust,
u/a/d May 10, 2017,
*Respondents-Respondents.*

Clackamas County Circuit Court
23CV20332; A186987

Cody M. Weston, Judge.

Submitted April 8, 2026.

Paul N. Clavette filed the briefs *pro se*.

Matthew Whitman and Brooks F. Cooper filed the brief for respondents.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this civil action, plaintiff appeals a general judgment dismissing his complaint against the trustees of an estate of which plaintiff was a beneficiary for breach of fiduciary duty, failure to supply accounting, and unjust enrichment. In plaintiff's assignment of error, he makes several arguments regarding the ways in which he claims that the trial court erred when it dismissed his complaint. Defendant maintains that the trial court did not err.

Having considered the briefing and the pertinent parts of the record identified by the parties, we are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is an appellant's duty to identify the specific ruling(s) challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record.[1] Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered each of plaintiff's arguments, and we are unpersuaded that the trial court erred in the ways plaintiff claims.

Affirmed.

---

[1] *See, e.g.,* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).