654 May 13, 2026 No. 428

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kathryn Sara KUNKEL,
*Petitioner-Appellant,*

*v.*

Ryan Tucker HALEY,
*Respondent-Respondent.*

Union County Circuit Court
22DR01027; A185347

Wes Williams, Judge.

Submitted December 17, 2025.

Kathryn Kunkel filed the brief *pro se*.

No appearance for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán,
Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this domestic relations appeal, petitioner appeals a supplemental judgment modifying parenting time and denying her motion to enforce parenting time. Petitioner raises three assignments of error. First, petitioner argues that the trial court erred when it denied her motion to disqualify the trial judge; second, petitioner argues that the trial court erred when it modified parenting time in respondent's favor; and, third, petitioner argues that the trial court erred when it modified parenting time without referring to the Indian Child Welfare Act (ICWA). Respondent waived appearance.

Having considered the briefing and the pertinent parts of the record identified by petitioner, we are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is an appellant's duty to identify the specific ruling(s) challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record.[1] Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered each of plaintiff's arguments, and we are unpersuaded that the trial court erred in the ways claimed. Petitioner's motion to disqualify the trial judge was not preserved, and we are

---

[1] *See, e.g.,* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).

persuaded the trial court properly considered the appropriate factors under ORS 107.137 when it granted respondent's motion to modify the parenting time. Lastly, we are unpersuaded that the trial court was required to apply ICWA in this context as the motion by respondent was to modify parenting time and did not affect custody. The judgment is affirmed.

Affirmed.