No. 507 June 3, 2026 343

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Melissa ANDOE,
*Plaintiff-Respondent,*
*and*

Laurie BLACK,
*Plaintiff,*
*v.*

Teresa ADAMS
and all others,
*Defendant-Appellant.*

Linn County Circuit Court
24LT23102; A186424

Thomas McHill, Judge.

Submitted May 12, 2026.

Teresa Adams filed the briefs *pro se*.

Melissa Andoe filed the brief *pro se*.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this appeal from a judgement of eviction in a residential forcible entry and detainer (FED) action, appellant challenges the trial court's decision to grant possession of a contested property to respondent. Respondent maintains that the trial court did not err.

Having considered the briefing and the pertinent parts of the record identified by the parties, we are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is an appellant's duty to identify the specific ruling(s) challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record.[1] Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered each of appellant's arguments, and we are unpersuaded that the trial court erred in the ways claimed. Although it is admittedly difficult to represent oneself in court, appellant has not demonstrated that the timing of the eviction trial prevented her from retaining counsel. The documents submitted as exhibits demonstrate that respondent had legal authority to take action over her parents' property, which included making decisions about what to do with the house in which appellant resided. In addition, we recognize that

---

[1] *See, e.g.,* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).

being evicted from a long term residence is disruptive and destabilizing, however, appellant has not demonstrated that she was deprived of notice or an opportunity to be heard on the issues, especially in light of the fact that the initial proceedings were dismissed when respondent did not appear, after the case was refiled the court provided the parties and opportunity to informally resolve the case prior to the trial, and appellant was permitted to testify at trial, cross-examine respondent, review and object to the introduction of evidence, and make arguments to the court.

Affirmed.