No. 505 June 3, 2026 337

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Gary D. E. MOSER,
*Plaintiff-Appellant,*

*v.*

Kristie L. FLANAGAN,
*Defendant-Respondent.*

Columbia County Circuit Court
24CV22429; A185821

Nickolas Brajcich, Judge.

Submitted May 12, 2026.

Gary D. E. Moser filed the brief *pro se*.

Farleigh Wada Witt, Kimberley Hanks McGair and Ryan H. Ripp filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this civil action, plaintiff, appearing *pro se* as he did in the trial court, appeals a general judgment dismissing his claims against defendant. We understand plaintiff to assign as error the trial court's decision to grant defendant's ORCP 21 A motion to dismiss, and to raise challenges to several of the trial court's statements, including ones that plaintiff alleges evidenced unfairness and favoritism to defendant and showed that the trial court did not listen to plaintiff's arguments and held him to a standard higher than that for a self-represented party.

Having considered the briefing and the pertinent parts of the record identified by the parties, we are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is an appellant's duty to identify the specific ruling(s) challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record.[1] Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered the arguments raised in plaintiff's brief and we are unpersuaded that the trial court erred when it granted the motion to dismiss.

Affirmed.

---

[1] *See, e.g.,* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).